**Thomas KANE, Plaintiff,**

v.

**Michael CARR, Superintendent; Joe Heller, Medical Director; and Richard Artison, Milwaukee County Sheriff, Dr. Manuel Aquino, M.D., County Jail Doctor, Defendants.**

**No. 90–C–1103.**

United States District Court,
E.D. Wisconsin.

Aug. 8, 1991.

Thomas Kane, pro se.

Robert Ott, Corp. Counsel by Gerald Pagel, Principal Asst. Corp. Counsel, Milwaukee County, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On November 11, 1990, the plaintiff, who is currently incarcerated at the Waupun Correctional Institution, filed this action against several officials at the Milwaukee county jail, where he had once been incarcerated. The complaint (which has been amended) alleges, among other things, that the plaintiff suffered a severe injury to the nerves and tendons of his left thumb and that the defendants have not properly attended to the injury. Most of the defendants are medical staff at the Milwaukee county jail. The complaint also alleges that the injury is of such a severity as to require surgery. The defendants answered that the proposed thumb surgery is elective. The plaintiff has filed a motion for preliminary injunction ordering the defendants to arrange for the plaintiff to have the thumb surgery performed. The motion will be dismissed.

The file discloses that the plaintiff is no longer in the custody or control of the

present defendants. On July 23, 1991, the plaintiff sent a letter to Magistrate Judge Robert L. Bittner, informing Magistrate Judge Bittner that he has been transferred from the Milwaukee county jail to the Waupun institution. This letter, which has become part of the file, demonstrates that the *present* request for injunctive relief against the *present* defendants is effectively moot. If, as alleged, those defendants were at one time unconstitutionally barring the plaintiff from proper medical treatment or had been neglecting their constitutional obligation to arrange for such treatment, they have since lost their capacity to do so. That is, the plaintiff can no longer assert that the present defendants are perpetrating an "ongoing constitutional violation" that justifies the entry of injunctive relief, *cf. Al–Alamin v. Gramley*, 926 F.2d 680, 684, 688 (7th Cir.1991). *See also Young v. Lane*, 922 F.2d 370, 373–74 (7th Cir.1991) (discussing potential mootness of appeal due to intervening transfer of appellant-inmate); *Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir.1982) (same). Of course, subject to proof at trial, those defendants may be required to compensate the plaintiff for any constitutional harms they are demonstrated to have committed, *see Young*, 922 F.2d at 374 (mootness of claim for injunctive relief, without more, does not affect vitality of claims for monetary relief).

Indeed, the file does include evidence supporting the plaintiff's claim of a thumb injury (which occurred *prior* to his admission to the county jail). However, as to the plaintiff's request for injunctive relief, the court is presently without jurisdiction to order the plaintiff's current custodians at Waupun to do anything, as such persons are not parties to this action.

The file also discloses that the plaintiff at one time was concerned that the defendants would avoid his request for medical treatment by transferring him to another penal facility, *see Al–Alamin*, 926 F.2d at 688 (suggesting that a judicial remedy may be broadened where prison authorities "shuttle" inmates to other locations to avoid the reach of existing orders). Mr. Kane has been transferred, but the file

does not warrant a finding that his transfer was improperly motivated. (It is arguable that his transfer was motivated by his intervening conviction or sentencing.) There is no *evidence* before the court to support the plaintiff's concern that the defendants behaved improperly in transferring him.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is dismissed.